**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES DISTRICT JUDGE
MDD_SAGchambers@mdd.uscourts.gov

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780

December 23, 2020

LETTER ORDER

RE:     Dina El Mahdy v. Sharon Finney, et al.
        Civil Case No. SAG-20-2715

Dear Plaintiff and Counsel:

Plaintiff Dina El Mahdy, who appears *pro se*, filed this action against her employer, Morgan State University ("Morgan State"), and her supervisor, Sharon Gary Finney, alleging discrimination in violation of Title VII of the Civil Rights Act of 1964. ECF 1. Defendants have filed a Motion to Dismiss ("the Motion"), ECF 9, seeking dismissal of the Complaint against Finney in her entirety, and dismissal of the claims of color-based discrimination against Morgan State. Plaintiff filed an opposition, ECF 11, and Morgan State filed a reply, ECF 12. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons stated herein, the Motion is granted.

Initially, Plaintiff confirms that she did not intend to bring color-based discrimination claims. ECF 11 at 18. To the extent any were included in her filing, the Motion is granted as to those claims. As to the claims asserted against Finney, Morgan State is correct that only Title VII claims are set forth in the Complaint. ECF 1. The Complaint, including its attachments, makes no reference to 42 U.S.C. § 1983, the Maryland Tort Claims Act, or any causes of action other than Title VII discrimination and retaliation. *Id.* With respect to the Title VII claims Plaintiff asserted, "supervisors are not liable in their individual capacities for Title VII violations." *Lissau v. Southern Food Serv.*, 159 F.3d 177, 181 (4th Cir. 1998). Thus, Plaintiff's Title VII claims against Finney in her individual capacity will be dismissed with prejudice. Moreover, even to the extent Plaintiff seeks non-monetary injunctive relief against Finney in her official capacity, such claims are duplicative of Plaintiff's pending claims against her employer, Morgan State, and are subject to dismissal. *See Love-Lane v. Martin,* 355 F.3d 766, 783 (4th Cir. 2004) (dismissing official capacity claims against a supervisor as duplicative of existing claims against the employing entity).

Accordingly, any color-based discrimination claims and all claims against Finney are dismissed. The remaining claims against Morgan State will proceed. Despite the informal nature of this letter, it is an Order of the Court and will be docketed as such.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States District Judge