**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780

August 13, 2021

LETTER TO PLAINTIFF AND COUNSEL

RE:     *Dina El Mahdy v. Morgan State University, et al.*,
        Civil No. SAG-20-2715

Dear Plaintiff and Counsel:

This case was assigned to then-United States Magistrate Judge Deborah L. Boardman for discovery and related scheduling on April 28, 2021.  ECF 26.  Plaintiff Dina El Mahdy filed an objection to Judge Boardman's recent discovery Orders. *See* ECF 50 (Judge Boardman's Order), ECF 52 (Plaintiff's Objection). The Federal Rules of Civil Procedure provide:

> The district judge in a case must consider timely objections and modify or set aside
> any part of the order that is clearly erroneous or is contrary to law.

Fed. R. Civ. P. 72(a). Accordingly, I have considered Plaintiff's objection and the related filings. ECF 55-59.

The parties' ongoing dispute relates to the responses Defendant Morgan State submitted to Plaintiff's requests for production of documents and interrogatories.  The record reflects that Plaintiff made broad discovery requests while declining to permit the routine and customary methods of narrowing such broad requests, such as key word searches, to be implemented.  For example, Plaintiff requested production of all emails between herself and several other Morgan State employees, without agreeing to any subject matter limitations.  She received thousands of responsive documents consisting of tens of thousands of pages.  Plaintiff then asserted that Morgan State engaged in a "document dump" of irrelevant materials and "padded" the discovery.  Plaintiff cannot have it both ways.  If she had agreed to the use of key word searches to narrow the production's scope to emails regarding particular subject matters, she would have received fewer and more targeted responses.  Judge Boardman's efforts to assist Plaintiff by asking Defendants to investigate whether they could provide the responsive documents without attachments in a searchable format constituted a thoughtful attempt to resolve the dispute in a manner fair to both parties.

Plaintiff also contends that she is missing certain items she requested in discovery.  Those issues do not appear to have been resolved in the first instance by Judge Boardman using her discovery procedures, and therefore are misplaced in the instant objection.

*Dina El Mahdy v. Morgan State University, et al.,*
Civil No. SAG-20-2715
August 13, 2021
Page 2

In light of the broad discretion given to a magistrate judge in the resolution of nondispositive discovery disputes, and in light of Judge Boardman's fair and reasonable attempts to accommodate the litigation interests of all parties, this Court overrules Plaintiff's objection. Judge Boardman's discovery order at ECF 50 remains in effect, until she determines whether it should be modified as Defendant requests at ECF 56.[1]  The multitude of requests for sanctions contained within Plaintiff's filings are denied. *See, e.g.,* ECF 52 at 11.  Despite the informal nature of this letter, it should be flagged as an Opinion and docketed as an Order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States District Judge

---

[1] Plaintiff also asks that the case be removed from Judge Boardman's purview for discovery.  *See, e.g.,* ECF 58 at 6. There is no basis to take such action.  Judge Boardman's conduct in this case has been legally correct and professionally appropriate, and the case will remain with Judge Boardman for discovery until it is transferred to a new magistrate judge in light of Judge Boardman's recent elevation to the position of United States District Judge.