**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| DINA EL MAHDY, | * | |
| Plaintiff | * | |
| v. | * | Civil Action  SAG-20-2715 |
| MORGAN STATE UNIVERSITY, | * | |
| Defendant | * | |

* * * * * * * * * * *

**MEMORANDUM OPINION**

This matter is before the Court on the Motion to Withdraw Appearance (ECF 85) filed by Donald G. Quinn and the firm of Quinn, L.L.C., counsel for Plaintiff ("Counsel"), and the Motion for Leave to File a Reply to the Counsel of the Plaintiff's Reply (ECF 89) filed by Plaintiff Dina El Mahdy, *pro se* ("Plaintiff"). No hearing is necessary to resolve the motions. *See* Local Rule 105.6. I have reviewed each motion as well as Plaintiff's opposition to the Motion to Withdraw Appearance with its attachments (ECF 86 and 86-1) and Counsel's letter in reply dated March 21, 2022 (ECF 87).

Plaintiff's motion for leave to file a sur-reply will be granted, for the reasons stated in that motion. Plaintiff's proposed sur-reply with its attachments (ECF 89-1 and 89-2) are accepted as filed and have been considered by the Court.

For the reasons explained below, Counsel's Motion to Withdraw Appearance (hereinafter, the "Motion") will also be granted.

## I.    BACKGROUND

Dina El Mahdy, acting *pro se*, filed this civil action against her employer, Morgan State University, and her supervisor, Sharon Gary Finney, with the Court on September 18, 2020,

alleging discrimination and retaliation against her in violation of Title VII of the Civil Rights Act of 1964. (ECF 1.) While acting *pro se*, Plaintiff filed a written opposition to a motion to dismiss the complaint filed by the defendants, which was subsequently granted as to Ms. Finney, dismissing Plaintiff's claim against her, but denied as to Morgan State University (hereinafter, "Defendant"). (*See* ECF 13.) Plaintiff continued to represent herself for several months and litigated several discovery-related motions and disputes against Defendant.

Counsel entered their appearance for Plaintiff on August 16, 2021 (ECF 63), and an amended complaint was filed on September 22, 2021 (ECF 71). The parties have jointly requested and secured extensions of discovery deadlines several times. Under the current schedule, discovery ends on April 19, 2022, and the deadline for any summary judgment motions is May 24, 2022. (ECF 82). A trial date has not been set.

Counsel filed the Motion on March 17, 2022, requesting leave to withdraw his appearance as Plaintiff's attorney (ECF 85) and having provided seven days' notice to Plaintiff. Plaintiff filed an opposition memorandum on the same date (ECF 86) and attached Counsel's notice of termination of representation dated March 10, 2022, the Representation Agreement entered by Plaintiff and Counsel at the outset of the representation, and materials related to Plaintiff's deposition in February 2022 (ECF 86-1). On March 21, 2022, Counsel filed a letter reply to Plaintiff's opposition (ECF 87), Plaintiff then filed a motion for leave to file a sur-reply and proposed sur-reply the next day with e-mail correspondence between Plaintiff and Counsel attached (ECF 89, 89-1, and 89-2).

I have reviewed the Representation Agreement attached to Plaintiff's opposition. Section 6 of the agreement governs termination, as follows:

> Termination: Either Party may terminate this agreement by giving the other Party written notice of the termination. Termination may

> be subject to the Court's approval. Upon receipt or sending of a notice of termination, Firm shall immediately file a Motion to Withdraw and shall return all case related information to the Client.
> . . .

(ECF 86-1 at 10.) Section 7 of the Representation Agreement concerns client cooperation:

> Cooperation: Client, at all times, will cooperate with Firm so that Firm may provide legal services as efficiently and quickly as possible. Client at all times must provide Firm with accurate and complete information…and Client and Client's witnesses shall be available for telephone and office conferences with Firm, and further available for depositions and court hearings. Should Client not wish to follow Firm's advice, Firm has the right in its sole discretion to withdraw as Client's attorney.

(*Id.* at 9.) The Representation Agreement also includes arbitration provisions regarding fee disputes in Section 8. (*Id.*)

## II.     STANDARD OF REVIEW

Local Rule 101(2)(a) provides the following:

> In the case of an individual, appearance of counsel may be withdrawn only with leave of Court and if (1) appearance of other counsel has been entered, or (2) withdrawing counsel files a certificate stating (a) the name and last known address of the client, and (b) that a written notice has been mailed to or otherwise served upon the client at least seven (7) days previously advising the client of counsel's proposed withdrawal and notifying the client either to have new counsel enter an appearance or to advise the Clerk that the client will be proceeding without counsel.

"The decision to grant or deny an attorney's motion to withdraw is committed to the discretion of the district court." *Abbott v. Gordon*, Civ. No. DKC-09-0372, 2010 WL 4183334, at *1 (D. Md. Oct. 25, 2010) (citing *Whiting v. Lacara,* 187 F.3d 317, 320 (2d Cir. 1999)).

Pursuant to Local Rule 704, lawyers practicing in this court are subject to the Maryland Attorneys' Rules of Professional Conduct ("MRPC"). MRPC 1.16 governs declining or terminating representation and "provide[s] a benchmark for when withdrawal may be permitted." *Abbott*, 2010 WL 4183334, at *1. Subsection (b) states as follows:

3

Except as stated in paragraph (c) of this Rule, an attorney may withdraw from representing a client if:

(1)    withdrawal can be accomplished without material adverse effect on the interests of the client;

(2)    the client persists in a course of action involving the attorney's services that the attorney reasonably believes is criminal or fraudulent;

(3)    the client has used the attorney's services to perpetrate a crime or fraud;

(4)    the client insists upon action or inaction that the attorney considers repugnant or with which the attorney has a fundamental disagreement;

(5)    the client fails substantially to fulfill an obligation to the attorney regarding the attorney's services and has been given reasonable warning that the attorney will withdraw unless the obligation is fulfilled;

(6)    the representation will result in an unreasonable financial burden on the attorney or has been rendered unreasonably difficult by the client; or

(7)    other good cause for withdrawal exists.

MRPC 1.16(b). Subsection (c) states that "[a]n attorney must comply with applicable law requiring notice to or permission of a tribunal when terminating representation. When ordered to do so by a tribunal, an attorney shall continue representation notwithstanding good cause for terminating the representation." MRPC 1.16(c).

## III.    ANALYSIS

As an initial matter, Counsel has satisfied the requirements of Local Rule 101.2(a). The Motion identifies Plaintiff by name and address. It includes certification that Counsel provided written notice to Plaintiff at least seven days in advance of filing the Motion that Counsel would seek to strike their appearance and that Plaintiff should either retain new counsel or proceed *pro se*.

The circumstances of this case favor permitting Counsel to withdraw.

First, "withdrawal can be accomplished without material adverse effect on the interests of the client[.]" MRPC 1.16(b)(1). This civil action has been pending since September 2020, and discovery is scheduled to close on April 19, 2022. The current deadline for dispositive motions is May 24, 2022, and a trial date has not been scheduled. Plaintiff has sufficient time to adjust to the withdrawal of Counsel without any material adverse impact on her or on the defense. *See Abbott*, 2010 WL 4183334, at *3 ("In all cases, the court must still consider the potential prejudice to all parties involved and the potential disruption to the administration of justice from attorney withdrawal.").

The only impending date is a second deposition of Plaintiff that is currently scheduled for March 30, 2022 (ECF 86-1 at 4), and an email attached to Plaintiff's sur-reply reflects discussions between the parties about potentially requesting a further extension of the discovery deadline in order to complete this deposition (ECF 89-2 at 17). Plaintiff and Counsel have fundamental and stubborn disagreements about how the deposition of Plaintiff should be conducted. They have both described in detail Plaintiff's disposition against following Counsel's advice about the deposition. Plaintiff has strong convictions of her own about how to answer opposing counsel's questions and when to raise objections. (*See generally* ECF 86 at 5-9, ECF 89 at 2.) Losing Counsel before the deposition will not adversely affect her.

In her opposition, Plaintiff argues that Counsel's "withdrawal at this stage is prejudicing her case and putting it into danger of losing the summary judgement stage." (ECF 86 at 13.) Plaintiff has time to seek replacement counsel to assist her in opposing any summary judgment motion to be filed by the Defendant. It is apparent that Plaintiff has already sought legal advice from multiple attorneys, even while represented by Counsel, and her effort to seek replacement counsel is underway. (ECF 86 at 10-11; ECF 87 at 4; ECF 89-2 at 3, 14.)

5

Even if Plaintiff decides to proceed *pro se*, her submissions in opposition to the Motion reflect a solid grasp of the evidence as it relates to this case and the capacity to oppose a summary judgment motion from the Defendant. Notably, Plaintiff filed this civil action *pro se* in September 2020 and prosecuted the case for nearly a year before Counsel entered their appearance. During the time period of self-representation, Plaintiff engaged in motions practice concerning discovery, both filing and responding to multiple discovery-related motions. If she was willing and prepared to proceed *pro se* at the outset of this case, it is difficult to see any material adverse effect Counsel's withdrawal would have on her now.

Plaintiff argues that Counsel has "restructured and re-planned" the case in a way that she would not have chosen had she continued to proceed *pro se*. (ECF 86 at 14.) In support of this contention, Plaintiff cites several disputes she apparently has with legal determinations and strategic decisions that were made during the representation. (*Id.*) These decisions have included the removal of particular allegations from the original complaint, selecting particular witnesses to depose, and declining to depose at least one other potential witness. (*Id.*) These legal and strategic disputes between Plaintiff and Counsel only underscore the fundamental disagreements between them and the fact that their working relationship has become fraught with irreconcilable differences and unreasonably difficult, and therefore support allowing Counsel to withdraw.

Second, Counsel should be allowed to withdraw because Plaintiff "insists upon action or inaction that the attorney considers repugnant or with which the attorney has a fundamental disagreement[.]" MRPC 1.16(b)(4). As previously noted, Plaintiff admits stark disagreements with counsel about the method by which she should answer questions when testifying, and she has resisted Counsel's efforts to schedule additional time for Plaintiff's deposition to be completed. Plaintiff claims that the amount of time Counsel has requested would impose an undue hardship

on her and argues that seven hours of deposition time is all that is required under the Federal Rules

of Civil Procedure. (ECF 86 at 7, 8, 12; ECF 89-1 at 3.) But Rule 30 expressly contemplates a

greater amount of deposition time as necessary "to fairly examine the deponent or if the deponent,

another person, or any other circumstance impedes or delays the examination." Fed. R. Civ. P.

30(d)(1).

The disagreements between Plaintiff and Counsel extend beyond Plaintiff's deposition.

Plaintiff and Counsel have disagreements about terms of any settlement and, as noted previously,

various strategic decisions that have been made in the case, such as what claims to pursue and who

to depose. (*See* ECF 86 at 14; ECF 89-1 at 3.) Counsel has also disagreed with, resisted, and

advised Plaintiff against raising complaints of harassment and misconduct against counsel for the

Defendant. By all indications, Counsel finds Plaintiff's accusations of misconduct by opposing

counsel not only repugnant but ultimately against Plaintiff's interests. (*See* ECF 86-1 at 3; 87 at

4.)

Third, withdrawal of Counsel is justified by Plaintiff's violation of the Representation

Agreement she entered with Counsel and the unreasonable difficulty this has imposed upon the

representation. MRPC 1.16(b)(6). Among other requirements, the Representation Agreement

requires Plaintiff to cooperate with Counsel so that Counsel "may provide legal services as

efficiently and quickly as possible." (ECF 86-1 at 9.) Plaintiff is also required to provide "accurate

and complete information" to Counsel and to be "available for depositions and court hearings."

(*Id.*) The Representation Agreement states further that "Firm has the right in its sole discretion to

withdraw as Client's attorney" "[s]hould Client not wish to follow Firm's advice[.]" (*Id.*) Plaintiff

has refused to cooperate with Counsel and follow Counsel's advice notwithstanding warnings that

Counsel may seek to withdraw from the representation. (*See* ECF 86 at 10). Plaintiff's lack of

cooperation with Counsel has rendered the representation unreasonably difficult and justifies Counsel's withdrawal under both MRPC 1.16(b)(6) and the express terms of the Representation Agreement.

Fourth, and finally, "other good cause for withdrawal" supports Counsel's Motion—namely, Plaintiff's numerous complaints and allegations against Counsel. MRPC 1.16(b)(7). Plaintiff has claimed and argued that Counsel's advice overburdens her, that Counsel is biased against her and as violated a duty of diligence as her attorney, that Counsel has personally attacked her, and that Counsel has given her "illegal advice." (ECF 86 at 4, 10, 11, 13; ECF 89-1 at 2, 3; ECF 89-2 at 8, 14.) By all indications, the relationship between Plaintiff and Counsel has become unworkable and irreconcilable.

In the absence of any material adverse effect on Plaintiff, there is no reason to deny Counsel permission to withdraw. Even if Counsel's withdrawal imposes some negative impact on Plaintiff, that impact is outweighed by the several strategic and legal disagreements between Plaintiff and Counsel, Plaintiff's lack of cooperation with Counsel's advice, and the unreasonable difficulty of continuing the representation.

## IV.    CONCLUSION

For the foregoing reasons, the Court will grant Plaintiff's Motion to File Sur-Reply and grant Counsel's Motion to Withdraw Appearance. A separate Order will follow.


___3/28/22___                          _____/S/_____
Date                                   Matthew J. Maddox
                                       United States Magistrate Judge