IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **DINA EL MAHDY,** | * | |
| Plaintiff, | * | |
| v. | * | Civil Case No. SAG-20-2715 |
| **MORGAN STATE UNIVERSITY,** | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM OPINION**

On September 28, 2023, this Court granted summary judgment for Defendant Morgan State University ("Morgan State") against Plaintiff Dina El Mahdy ("Plaintiff") on the claims for national origin discrimination and retaliation raised in the Amended Complaint she filed on September 22, 2021, ECF 71. ECF 154, 155. Plaintiff appealed to the United States Court of Appeals for the Fourth Circuit, which affirmed this Court's judgment on February 24, 2025. ECF 160. Three days after the judgment was affirmed, Plaintiff filed a Rule 60(b)(6) motion for relief, contending that new information in the form of an October 2024 investigation report from Morgan State's Diversity and Equal Employment Opportunity office (the "EEO Report") warranted reopening this case for further proceedings. ECF 161. Plaintiff also sought a stay of mandate and motion to remand the case in the Fourth Circuit, citing the same investigation report. The Fourth Circuit issued an order on July 18, 2025, denying the motion to stay mandate and remanding the case to this Court. ECF 170. The Fourth Circuit's mandate issued on July 28, 2025, making Plaintiff's Rule 60(b)(6) motion ripe for disposition. ECF 171. This Court has reviewed the Rule 60(b)(6) motion, Morgan State's opposition, ECF 164, and Plaintiff's reply, ECF 169. No hearing

is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons set forth herein, Plaintiff's motion will be DENIED.

Fed. R. Civ. P. 60 enumerates the circumstances in which a court may relieve a party from a final judgment or order. Rule 60(b)(6), cited by Plaintiff in her motion, permits the Court to take such action for "any other reason that justifies relief." Rule 60(b)(2), cited by Morgan State, governs relief sought on the basis of "newly discovered evidence" and specifies that the movant must show that "with reasonable diligence," the newly discovered evidence "could not have been discovered in time to move for a new trial under Rule 59(b)." The rules further specify that a Rule 60(b)(2) motion must be brought "no more than a year after the entry of the judgment." Fed. R. Civ. P. 60(c)(1). Because this Court's summary judgment order entered on September 28, 2023, any motion for Rule 60(b) relief premised on newly discovered evidence would have needed to be filed on or before September 28, 2024. Plaintiff did not file her motion until February 27, 2025, making her "newly discovered evidence" motion untimely.

Even if this Court found reason to consider Plaintiff's motion pursuant to Rule 60(b)(6), however, the EEO Report does not justify relief from this Court's summary judgment ruling in this case. This Court's summary judgment ruling was based solely on the issues that Plaintiff raised in her Amended Complaint and were the subject of discovery in this case. In fact, this Court expressly excluded, in its summary judgment decision, allegations about different or subsequent events that were not part of the discovery process. ECF 154 at 7-8 (citing *Walton v. Harker*, 33 F.4th 165, 174–75 (4th Cir. 2022) for the proposition that "Plaintiffs cannot proffer untimely issues absent from their initial pleadings to avoid summary judgment.").

The EEO Report concludes that Plaintiff's supervisor denied her three specific grant and travel opportunities in retaliation for this lawsuit and her other EEO complaints. Those

opportunities occurred in October, 2022 and April, 2023. Discovery in this case terminated on May 3, 2022, months before those acts even occurred. ECF 95. Accordingly, the incidents addressed by the EEO Report simply were not part of this case. The EEO report does not constitute newly discovered evidence relating to this Court's ruling on Plaintiff's earlier claims and provides no basis otherwise for this Court's final judgment to be disturbed.

**CONCLUSION**

For the reasons set forth above, Plaintiff's Rule 60(b)(6) Motion for Relief from Judgment, ECF 161, is DENIED. A separate Order follows.

Dated: August 1, 2025                                          /s/
                                                            Stephanie A. Gallagher
                                                            United States District Judge